

FILED by _____ D.C.
ELECTRONIC

**Sept. 9, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Civil Action No:   **09-CV-61421-Cohn/Seltzer**

ACCESS FOR THE DISABLED, INC.,
ROBERT COHEN, and DENISE PAYNE


Plaintiffs,

v.

BURGER KING CORPORATION, a
Florida Corporation,

Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiffs, ACCESS FOR THE DISABLED, INC., ROBERT COHEN and

DENISE PAYNE (Collectively "Plaintiffs"), by and through the undersigned

counsel, hereby sue Defendant, BURGER KING CORPORATION (collectively

referred to as "Burger King") for injunctive relief pursuant to the Americans with

Disabilities Act, 42 U.S.C. §1281, *et seq.* ("ADA") and the ADA's Accessibility

Guidelines, 28 C.F.R. Part 36 ("ADAAG"), and allege as follows:

1

KOCH & TRUSHIN, P. A.
110 EAST BROWARD BOULEVARD, SUITE 1630, FT. LAUDERDALE, FLORIDA 33301 • TEL: (954) 763-7600 • FAX: (954) 763-7300
155 SOUTH MIAMI AVENUE, PENTHOUSE 1D, MIAMI, FLORIDA 33130 • TEL: (305) 358-4747 • FAX: (954) 763-7300
www.k-tlaw.com

## JURISDICTION

1.       This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§1331 and 1343 for Plaintiffs' claims arising under 42 U.S.C. §12181, *et seq.*, based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA (see also, 28 U.S.C. §§2201 and 2201).

## PARTIES

2.       Plaintiffs, ROBERT COHEN, and DENISE PAYNE are residents of the State of Florida and this judicial district, are *sui juris*, are disabled as defined by the ADA, and substantially limited in performing one or more major life activities, including but not limited to walking, standing, grabbing, grasping and/or pinching.  Plaintiffs use wheelchairs for mobility purposes.  Plaintiffs' access to BURGER KING located at or about 40 N Federal Highway, Pompano Beach, Florida, 33062 ("Facility") and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of these disabilities, and will be denied and/or limited in the future unless and until Burger King is compelled to remove the physical barriers to access and correct the ADA violations which exist at the Facility, including those set forth in this Complaint.

3.       In this instance, Plaintiffs, ROBERT COHEN, and DENISE PAYNE in their individual capacity, visited the Facility, encountered barriers to

2

KOCH & TRUSHIN, P. A.
110 EAST BROWARD BOULEVARD, SUITE 1630, FT. LAUDERDALE, FLORIDA 33301 • TEL: (954) 763-7600 • FAX: (954) 763-7300
155 SOUTH MIAMI AVENUE, PENTHOUSE 1D, MIAMI, FLORIDA 33130 • TEL: (305) 358-4747 . FAX: (954) 763-7300
www.k-tlaw.com

access at the Facility, engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and Burger King's ADA violations discussed below.

4.      ACCESS FOR THE DISABLED, INC. is a non-profit Florida corporation.   Plaintiffs are members of this organization.   This organization's purpose is to, among other things, represent the interest of its members and other persons with disabilities by assuring that places of public accommodation are accessible to and usable by individuals with disabilities.   Plaintiffs and other persons with disabilities have suffered and/or will suffer direct and indirect injury as a result of Burger King's discrimination until Burger King is compelled to remove the physical barriers to access and comply with ADA requirements.

5.      Defendant, Burger King Corporation transacts business in the State of Florida and within this judicial district.  Burger King is the owner, lesee, lessor and/or operator of the real property and improvements which are the subject of this action, commonly referred to as Burger King located at or about 40 N Federal Highway, Pompano Beach, Florida, 33062

## FACTUAL ALLEGATIONS AND CLAIM

6.      On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. §12101, *et seq.*

7.      Congress found, among other things, that:

KOCH & TRUSHIN, P. A.
110 EAST BROWARD BOULEVARD, SUITE 1630, FT. LAUDERDALE, FLORIDA 33301 • TEL: (954) 763-7600 • FAX: (954) 763-7300
155 SOUTH MIAMI AVENUE, PENTHOUSE 1D, MIAMI, FLORIDA 33130 • TEL: (305) 358-4747 . FAX: (954) 763-7300
www.k-tlaw.com

(i)    some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii)    historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii)    discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv)    individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)    the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. §12101(a)(1) - (3), (5) and (9).

8.    Congress explicitly stated that the purpose of the ADA was to:

(i)    provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

4

KOCH & TRUSHIN, P. A.
110 EAST BROWARD BOULEVARD, SUITE 1630, FT. LAUDERDALE, FLORIDA 33301 • TEL.: (954) 763-7600 • FAX: (954) 763-7300
155 SOUTH MIAMI AVENUE, PENTHOUSE 1D, MIAMI, FLORIDA 33130 • TEL: (305) 358-4747 . FAX: (954) 763-7300
www.k-tlaw.com

(ii)     provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

(iv)     invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

9.     The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. § 12181; 28 C.F.R. §36.508(a)

10.     The Facility is a public accommodation and service establishment.

11.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA. 29 C.F.R. Part 36. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. §1281, *et seq.*, and 28 C.F.R. §36.508(a).

12.     The Facility must be, but is not, in compliance with the ADA and ADAAG.

5

KOCH & TRUSHIN, P. A.
110 EAST BROWARD BOULEVARD, SUITE 1630, FT. LAUDERDALE, FLORIDA 33301 • TEL: (954) 763-7600 • FAX: (954) 763-7300
155 SOUTH MIAMI AVENUE, PENTHOUSE 1D, MIAMI, FLORIDA 33130 • TEL: (305) 358-4747 . FAX: (954) 763-7300
www.k-tlaw.com

13.    Plaintiffs have attempted to and have, to the extent possible, accessed the Facility, but could not do so because of their respective disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility that preclude and/or limit their access to the Facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

14.    Plaintiffs intend to visit the Facility again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at this Facility, but will be unable to do so because of their disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility that preclude and/or limit their access to the Facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

15.    Burger King has discriminated against Plaintiffs and others with disabilities, by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility, as prohibited by, and by failing to remove architectural barriers as required by 42 U.S.C. §12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiffs

6

and others with disabilities unless and until Burger King is compelled to remove all physical barriers that exist at the Facility, including those specifically set forth herein, and make the Facility accessible to and usable by persons with disabilities, including Plaintiffs.

16.     Burger King has discriminated against Plaintiffs by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiffs' ability (because of their disability) to access the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility, include:

**ACCESS TO GOODS AND SERVICES:**

a.  The self-service beverage and condiment dispensers within this location exceed designated reach range parameters.  See ADAAG 5.6.

**ACCESS TO RESTROOMS:**

a.  Restrooms designated for public use at the Facility are inaccessible without the required disabled use elements in violation of several sections of the ADAAG.  See ADAAG 4.22.

b.  Hardware on restroom doors is inaccessible in that it requires twisting, tight pinching, or grasping to operate. See ADAAG 4.13.9 and/or 4.27.4.

KOCH & TRUSHIN, P. A.
110 EAST BROWARD BOULEVARD, SUITE 1630, FT. LAUDERDALE, FLORIDA 33301 • TEL: (954) 763-7600 • FAX: (954) 763-7300
155 SOUTH MIAMI AVENUE, PENTHOUSE 1D, MIAMI, FLORIDA 33130 • TEL: (305) 358-4747 · FAX: (954) 763-7300
www.k-tlaw.com

c. The restrooms lack sufficient clear floor space a wheelchair requires for turning.  See ADAAG 4.13.5 and/or 4.13.6

d. The grab bars adjacent to the commode are not incompliance with the ADAAG.  See ADAAG 4.16.4 and/or 4.26.

e. Dispensers in the restrooms are located outside the prescribed reach ranges set forth in 4.2.5 and 4.27.3 of the ADAAG.

17.    The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiffs and/or which exist at the Facility.  Plaintiffs require an inspection of Facility in order to determine all of the discriminatory acts violating the ADA.

18.    Plaintiffs have attempted to gain access to the Facility, but because of their disability have been denied access to, and have been denied the benefits of services, programs and activities of the Facility, and have otherwise been discriminated against and damaged by Burger King, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expect to be discriminated against in the near future by Burger King because of Plaintiffs' disabilities, unless and until Burger King are compelled to remove the unlawful barriers and conditions and comply with the ADA.

19.    The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and

8

carried out without much difficulty or expense.  42 U.S.C. §12182(b)(2)(A)(iv);

42 U.S.C. §12181(9); 28 C.F.R. §36.304.

20.    Plaintiffs are without adequate remedy at law, are suffering irreparable harm, and reasonably anticipate that they will continue to suffer irreparable harm unless and until Burger King is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

21.    Plaintiffs have been obligated to retain the undersigned counsel for the filing and prosecution of this action, and have agreed to pay the undersigned counsel reasonable attorney's fees, costs, and expenses from Burger King pursuant to 42 U.S.C. § § 12205 and 12117.

22.    Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiffs, including an order to alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA.

WHEREFORE, Plaintiffs respectfully request that this Court issue a permanent injunction enjoining Burger King from continuing their discriminatory practices, ordering Burger King to remove the physical barriers to access and alter the subject Facility to make it readily accessible to and useable by individuals with

KOCH & TRUSHIN, P. A.
110 EAST BROWARD BOULEVARD, SUITE 1630, FT. LAUDERDALE, FLORIDA 33301 • TEL: (954) 763-7600 • FAX: (954) 763-7300
155 SOUTH MIAMI AVENUE, PENTHOUSE 1D, MIAMI, FLORIDA  33130 • TEL: (305) 358-4747 . FAX: (954) 763-7300
www.k-tlaw.com

disabilities to the extent required by the ADA, and award Plaintiffs their reasonable attorneys' fees, litigation expenses and costs.

Respectfully submitted this _2nd_ day of _September_, 2009.

KOCH & TRUSHIN, P.A.
*Attorneys for Plaintiffs*
110 East Broward Blvd.
Suite 1630
Fort Lauderdale, FL 33301
Telephone:  (954) 763-7600
Facsimile:  (954) 763-7300

_____
DOUGLAS S. SCHAPIRO
Fla. Bar No. 54538

10

KOCH & TRUSHIN, P. A.
110 EAST BROWARD BOULEVARD, SUITE 1630, FT. LAUDERDALE, FLORIDA 33301 • TEL: (954) 763-7600 • FAX: (954) 763-7300
155 SOUTH MIAMI AVENUE, PENTHOUSE 1D, MIAMI, FLORIDA  33130 • TEL: (305) 358-4747 • FAX: (954) 763-7300
www.k-tlaw.com

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**

ACCESS FOR THE DISABLED, INC., et al.

**DEFENDANTS**

BURGER KING CORPORATION, a Florida Corporation

**(b)** County of Residence of First Listed Plaintiff **Broward**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Dade**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Douglas S. Schapiro, Esq.
Koch & Trushin, P.A.
110 East Broward Blvd,. Suite 1630
Ft. Lauderdale, FL. 33301

Attorneys (If Known)

09 CV 61421 Cohn/Seltzer

**(d)** Check County Where Action Arose:  ☐ MIAMI- DADE  ☐ MONROE  ☑ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE  HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | | | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).**
(See instructions second page):

a) Re-filed Case ☐ YES ☑ NO   b) Related Cases ☐ YES ☑ NO

JUDGE _____   DOCKET NUMBER _____

**VII. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):

ADA

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE 9/3/09

FOR OFFICE USE ONLY

AMOUNT 350.   RECEIPT # _____   IFP _____

547382